### EX PARTE R. L. BAINS.

No. 1444.   Decided March 16, 1898.

**Local Option—Occupation Tax.**

Where local option has been adopted and is in force in a precinct, the Legislature can not impose new burdens by way of an occupation tax to sell liquor upon the people of that precinct.   Following Dawson v. State, 25 Texas Crim. Rep., 670.

APPEAL from the District Court of Parker.   Tried below before Hon. J. W. PATTERSON.

Appeal from a judgment, on writ of habeas corpus, remanding relator to custody for selling liquor without paying an occupation tax and giving bond.

No further statement necessary.

*A. H. Culwell* and *Martin & Flanary*, for relator.—The local option law, or rather occupation tax law on druggists in local option districts, is more stringent now and more onerous than it was on September 5, 1896.   Acts of Regular Session, 25th Leg., chap. 158.

When the people of a given locality have adopted local option, nothing can be added thereto, nor new conditions or requirements imposed.   But as to that locality the law must be administered as it was at the time they voted on the question.   Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101.

The adoption of local option in a given locality repeals all license laws for that territory, and no locality can enforce the provisions of the local option law and at the same time reap the benefits of a tax thereon.   Gibson v. State, 34 Texas Crim. Rep., 218; Rathburn v. State, 31 S. W. Rep., 189; Robertson v. State, 5 Texas Crim. App., 158.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the respondent.

DAVIDSON, JUDGE.—Relator was arrested for engaging in and pursuing the occupation of selling intoxicating liquors in a local option precinct without having first paid the occupation tax prescribed by the Twenty-fifth Legislature, and giving the bond required by said act. When arrested, he resorted to the writ of habeas corpus for his discharge, and upon the hearing was remanded to custody.   It is shown that the local option law was in effect in the precinct where the relator is alleged to have violated said law at and prior to the time the act of the Twenty-fifth Legislature went into operation.   His first contention is that, the local option law being in force in said precinct, the Legislature could not impose new burdens or obligations upon the people of that precinct, pending the operation of said law.   This identical question was before

this court in Dawson's case, 25 Texas Criminal Appeals, 670, and this position was held to be well taken. That decision has been followed in Robinson v. State, 26 Texas Criminal Appeals, 82; Lawhon v. State, 26 Texas Criminal Appeals, 101. In Dawson's case, supra, the court said: "Our view is that the amendatory Act of July 4, 1887, in each and all of its provisions, was intended to and does operate only in localities which have adopted since it went into effect, or may hereafter adopt, local option in accordance therewith; and that said provisions can not, and do not, and were not intended to operate in localities which, prior to their going into effect, had voted upon and adopted the law as it was prior to such amendatory provisions. Any other view, it seems to us, would invade the constitutional rights of the people of such localities, and foist upon them a law which, perhaps, they never would have adopted; a law with respect to which their 'option' had never been consulted or ascertained; a law enacted, not by them, but by the Legislature, without constitutional right." When applied to local option laws of the character of the one under consideration, we do not believe this reasoning can be successfully answered. There are other questions suggested for our consideration, which are not necessary to a disposition of this appeal, and they are, therefore, not considered. For the reason indicated, the judgment is reversed, and the relator is ordered discharged.

*Reversed and relator discharged.*