BURNS et al. v. NICHOLS.    (No. 6110.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1918.)

1. PARTITION ⬤⟳83—ACTIONS—SCOPE.

As no distinction is made between law and equity, questions of conflicting claims may be decided in partition suits, and, where raised, should be disposed of.

2. JUDGMENT ⬤⟳566 — MERGER AND BAR — RIGHTS EXPRESSLY RESERVED.

Where a judgment in a former partition suit expressly left the question of title open between plaintiff and defendant, plaintiff may maintain a subsequent suit of trespass to try title; there being no attempt to change, alter, or set aside the judgment.

3. EVIDENCE ⬤⟳419(2) — CONSIDERATION — DEEDS.

Testimony to show the true consideration in a deed is always admissible and, notwith-

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

standing the recital of consideration, it may be shown that the property was a gift to the grantee, and therefore his separate property.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Trespass to try a title by T. J. Nichols against Bob Burns and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Williamson & Klingemann, of Karnes City, Faith & Murray, of Runge, and Arthur Parr, of Kenedy, for appellants.

A. J. Bell, of San Antonio, and C. L. Bell, of Karnes City, for appellee.

FLY, C. J. The petition in this case, filed by appellee, sets up an action of trespass to try title to 200 acres of land out of the Carlos Martinez 15-league grant, followed by allegations that his son, J. H. Nichols, now deceased, had filed a suit for partition in the district court of Karnes county, styled J. H. Nichols v. T. J. Nichols et al., seeking a partition of certain lands of which the 200 acres sued for were a part, and alleging that said lands were the community estate of appellee and his former wife, Nannie Nichols, and a judgment was rendered in the suit, the said 200 acres being allotted to appellee as his homestead, but that said judgment provided:

"That he (appellee) recover of and from each and all of the other parties said land, and that his title be quieted in him, in and to the same, but without prejudice to the rights of the heirs of the deceased wife of T. J. Nichols, Mrs. Nannie Nichols, in and to homestead tract known as lot No. 1."

Appellee alleged that since the partition he had claimed the land as his own, free from any equity or interest of any one, but because of the recital in the judgment he had filed the present suit to remove the cloud from his title. He also set up a long defense to an intervention of several parties who are alleged to be interveners; but there is nothing in the record to show such intervention, except a motion to be dismissed from the suit upon the part of Otto Ainsworth, Mrs. J. L. Ainsworth, Jake Freedman, R. L. Hammack, Sam F. Nave, and W. F. Hickle, who state that they had been made parties by H. H. Jones, intervener. If Jones ever appeared in the suit, the record fails to indicate it, except by the reference mentioned. The court heard the cause, without a jury, and rendered judgment in favor of appellee for the 200 acres of land, as against Bob Burns, Lillie Burns, L. P. Pullin, T. A. Nichols, John Nichols, Lela Nichols, Welma Nichols, Vida May Nichols, Lamar Nichols and Wadis Nichols, being appellees herein.

[1, 2] The first, second, third, and fourth assignments of error are overruled. The petition was not open to attack through a general demurrer, and the special exception does not show any merit. The judgment in the former suit left the question of title open between appellants and appellee, and there was no effort to change, alter, or set aside the judgment. The judgment in the former suit did not attempt to settle the title to the land, but specially provided that it was not final as between appellee and appellants. Under our system, where no distinction is made between law and equity in the decision of cases, the strict chancery rules do not apply to partition suits, and questions of conflicting claims may be determined between the parties. It was not done in this case, however; but the matters of dispute were expressly left open. The matter should not have been left unsettled, but everything should have been determined. De La Vega v. League, 64 Tex. 205.

[3] The fifth assignment of error is overruled. Testimony to show the true consideration in a deed is always admissible. The authorities cited have no applicability to the facts of this case. It has been definitely settled in this state that, notwithstanding the recital of consideration in a deed, it may be shown that the property was a gift to the grantee, and therefore his separate property. Mahon v. Barnett, 45 S. W. 24.

There is no merit in the sixth, seventh, eighth, ninth, and tenth assignments of error. The evidence was sufficient to sustain the judgment. The 200 acres of land belonged to appellee, and he had the right to remove any cloud on his title caused by any claim of appellants.

The judgment is affirmed.