### GODWIN v. BANISTER. (No. 6434.)

(Court of Civil Appeals of Texas. Austin.
May 3, 1922. Rehearing Denied
June 28, 1922.)

1. Evidence &⊷424—Allegation that recitals in deed were untrue held not to make petition demurrable.

In an action by a purchaser against the grantor of his vendor for damages, a general demurrer to a petition on the ground that plaintiff had no right to show that recitals in a deed between defendant and plaintiff's vendor, to the effect that the vendor had paid a sum of money and had executed notes for the payment of certain additional sums, were not true, and that defendant and his grantee in the deed had entered into a conspiracy to defraud plaintiff, was proper; the rule that when consideration of a deed is contractual neither party may by parol evidence show that it was different than stated in the deed not applying to a person not a party to the deed.

On Motion for Rehearing.

2. Courts &⊷104—Where jurisdiction of appellate court is final, it is proper to write a brief opinion.

Where the jurisdiction of an appellate court is final, and it is impossible to write an opinion upon all the questions presented in an appeal, it is proper for the court to write briefly or even not at all when it affirms a case.

Appeal from Coleman County Court; J. B. Dibrell, Jr., Special Judge.

Action by Neill H. Banister against William Godwin. From judgment for plaintiff, defendant appeals. Affirmed.

Baker & Weatherred, of Coleman, for appellant.
Critz & Woodward, of Coleman, for appellee.

KEY, C. J. This is a county court case, which resulted in a judgment in favor of the plaintiff, Banister, and the defendant, Godwin, has appealed; and, as the jurisdiction of this court is final, and the questions pre-sented are not deemed to be of such importance as to require extended discussion, this opinion will be brief.

[1] In the first assignment of error, it is contended that the court erred in overruling a general demurrer to the plaintiff's petition; the contention being that the plaintiff had no right to show that the recitals, in a certain deed, to the effect that the purchaser had paid the sum of $400, and executed certain promissory notes for the payment of certain additional sums, were not in fact true, and that appellant, the defendant in this suit and grantor in the deed referred to, and Mrs. Lelia Collins, the grantee therein, had entered into a conspiracy for the purpose of inducing appellee to purchase from Mrs. Collins one-half of the interest she had acquired from appellant, Godwin, for a consideration equal to that which Mrs. Collins was to pay to Godwin, and, in order to accomplish that result, they had agreed between themselves to recite the fact that the consideration for the deed from Godwin to Mrs. Collins was twice as much as it really was.

Appellant cites authorities to the effect that when the consideration specified is contractual, neither party has the right, by parol evidence, to show that it was different from what it was stated to be in the written instrument. The rule referred to has no application to this case, as it does not include and bind persons who are not parties to the written instrument. It was so held by our Supreme Court in Johnson v. Portwood, 89 Tex. 235, 34 S. W. 596, 787.

The other questions presented in appellant's brief have been duly considered, and our conclusion is that no ground is shown for a reversal; and therefore the judgment of the trial court is affirmed.

Opinion on Motion for Rehearing.

Counsel for appellant have filed a motion for rehearing, complaining because this court did not sustain appellant's numerous assignments of error, and his counsel's contention in reference thereto. In the argument which accompanies the motion, complaint is made because this court disposed of the appeal in a brief opinion, and without discussing many of the points presented and discussed in appellant's brief.

Concerning the length of opinions written by appellate courts, two criticisms are often made, one by attorneys who are not connected with the case, and who criticize the opinion as being too long; and the other by an attorney of the losing party, who contends that, if the court had undertaken an elaborate discussion of all the points in the case, it would have been compelled to decide it in favor of the losing litigant. The criticism in this case belongs to the latter class, as will

---

appear from the following excerpt from the argument which accompanies the motion:

"We believe that we are entitled to the same clear, logical, judicial reasoning of this court concerning the issues presented in this case as in cases which this court may think of greater importance, as we believe, with all due respect to this court, there could be only one conclusion thereby reached, and that is that the court erred in the matters complained of in appellant's brief."

[2] Zeal in behalf of a client is to be commended; and therefore we have no criticism for appellant's counsel, one of whom is a candidate for a position on an appellate court; but, if he should succeed and should become a member of that court, and come to consider the matter referred to from the standpoint of a judge, he may conclude, as appellate judges generally have, that as it is impossible to write upon all the questions presented, it is proper for an appellate court to write briefly, or even not at all, when it affirms cases in which its jurisdiction is final. That course has been pursued by this and other Courts of Civil Appeals in this state ever since the present appellate system was adopted; and it is also the course pursued by the Supreme Court of the United States in many cases. See 257 U. S. ——, 42 Sup. Ct. 381, 66 L. Ed. ——, for a long list of cases disposed of upon memoranda opinions, which are illustrated by the following quotation, which, after giving the style of the case and the attorneys connected with it, reads:

"April 10, 1922. Per Curiam: Affirmed upon the authority of Lane v. United States, 241 U. S. 202. 60 L. Ed. 956, 36 Sup. Ct. Rep. 599."

The written opinions of appellate courts are required to be recorded in a book kept by the clerk for that purpose, and the losing litigant pays the expense for such recording. The excerpt which we have copied from appellant's argument shows that the writer does not desire the court to write a lengthy opinion for the purpose of convincing him that he is wrong and the court is right, but he makes such request with the hope that in preparing such an opinion the court may discover that appellant's appeal should be sustained, and the case reversed.

We have reconsidered all the questions presented in appellant's brief, and are thoroughly satisfied with the correctness of our former decision; therefore we decline to take upon ourselves the labor of preparing a lengthy opinion and placing upon appellant the expense of recording the same, in order to gratify the vain hope of his counsel that, in the preparation of such an opinion, this court will discover the error of its way, and join appellant's counsel in the views which they sincerely entertain and have ably urged in their brief, as well as in their motion for rehearing.

Motion overruled.