**MAJORS v. TURNER.   (No. 6929.)**

(Court of Civil Appeals of Texas. Austin. Jan. 20, 1926. Rehearing Denied March 3, 1926.)

1. **Evidence** ☞594.

Undisputed testimony must be taken as true.

2. **Courts** ☞121(6)—County court had jurisdiction of suit on note for $187.18, given in payment of premiums on insurance policy, notwithstanding deposit of $100 by insured, where deposit was not to be credited unless policy was canceled, and that event did not take place.

County court has jurisdiction of suit on note for $187.18, given in payment of premiums on employer's liability policy, notwithstanding that insured made a $100 deposit on such premiums, where such deposit was only to be credited if policy was canceled, and there was no demand for cancellation until after suit was brought.

Appeal from Navarro County Court; A. P. Mays, Judge.

Suit by L. V. Majors against Paul Tye Turner. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

J. S. Simkins, of Corsicana, for appellant. R. M. Tilley, of Corsicana, for appellee.

McCLENDON, C. J. This appeal is from a judgment of the county court of Navarro

county, sustaining a plea to the jurisdiction on the ground that the amount in controversy was below the court's jurisdiction, and dismissing the cause. Appellant's suit was upon a promissory note in his favor executed by appellee in the principal sum of $187.18, interest, and 10 per cent. attorneys' fees. Appellee claimed a credit of $100. If he was entitled to this credit at the time suit was filed, the plea was properly sustained. If not, the trial court's judgment must be reversed. While the pleadings present other questions, they will not be noted, as only the propriety of the order of dismissal is brought in review.

The facts are without dispute, as appellee offered no evidence, and the whole controversy revolves around a proper interpretation of appellee's undisputed testimony. From this it appears that appellant was an insurance agent, representing, among others, George M. Easley & Co., of Dallas, general agents, under a contract by which he guaranteed all premiums accruing under policies written by him. Some time in 1923 he wrote, at the instance of appellee, an employer's liability policy insuring, in one of the Easley companies, an oil well drilling concern in which appellee was a partner or otherwise interested. The premiums were governed by the payrolls of the concern. When the policy was executed appellee deposited with appellant $100. On February 5, 1924, an audit of the payrolls was had, and it was agreed between appellant and appellee that the earned premiums for October and November, 1923, were $187.18, and in settlement thereof the note was given on that date in that amount, payable February 20, 1923. It was not paid at maturity, and this suit was brought. At that time the policy was still in force, although no further premiums had accrued because the insured had not been in operation since November, 1923. With reference to the conditions upon which the $100 deposit was made, appellant testified:

"It was the agreement and understanding that this deposit should remain with Geo. M. Easley & Co. as long as the insurance policy was in force, and was only to be returned or taken as a credit or offset in the event of the cancellation of the policy, and only upon cancellation of the policy. There was no demand made for cancellation of the policy until after the suit was brought."

[1, 2] As stated, this testimony was undisputed, and it must therefore be taken as true. It conclusively appears, therefore, that at the time suit was brought the condition had not arisen which would entitle appellee to a return of the deposit or a credit in its amount upon the note. The suit was properly brought for the full amount, and that amount was within the jurisdiction of the county court. A credit, subsequently accruing in appellee's favor, could not defeat jurisdiction which had already attached.

For the error of the trial court in sustaining the plea to the jurisdiction, the judgment of dismissal is reversed and the cause remanded for trial upon the merits.