## ROBERTSON et al. v. SNODGRASS.
### No. 8863.

Court of Civil Appeals of Texas. Austin.
Jan. 31, 1940.

Rehearing Denied Feb. 28, 1940.

Baker & Baker, of Coleman, for appellants.

E. M. Critz, of Coleman, for appellee.

BAUGH, Justice.

This suit involves the validity of a deed of trust executed by Mrs. Lillie Robertson, joined pro forma by her husband, H. A. Robertson, on an undivided ⅙ interest in 532 acres of land in Coleman County, to secure an indebtedness of $2,500 due by H. A. Robertson to his brother R. C. Robertson. It was brought by D. L. Snodgrass, trustee in bankruptcy of the estate of H. A. Robertson, in trespass to try title and to set aside said deed of trust. Trial was to a jury on special issues. After they had returned their answers thereto, and upon motion of the plaintiff, appellee here, the trial court set aside their findings as not being supported by the evidence, and as being immaterial to a decision of the case, and made independent findings of fact upon which judgment was rendered in favor of plaintiff. From this judgment the defendants have appealed.

The deed of trust in question was executed on July 12, 1937, and filed for record in Coleman County, on October 4, 1937. H. A. Robertson filed his voluntary petition in bankruptcy on December 28, 1937, on which he was subsequently discharged. He did not list any interest in the land in question as one of his assets; nor the debt to his brother R. C. Robertson as one of his liabilities.

The plaintiff, duly appointed trustee in bankruptcy, pleaded the invalidity of said deed of trust, though variously stated, on substantially the following grounds:

1. That the property involved was at the time of the execution of said deed of trust either the separate property of H. A. Robertson, or was the community property of himself and wife; and that since he joined his wife only pro forma in its execution, it was not a binding obligation upon him nor legally sufficient to convey his interest.

2. That the recited debt to his brother which it was given to secure was fictitious and that he did not owe it.

3. That it was voidable at the instance of the trustee because executed within four months of the time that H. A. Robertson filed his voluntary petition in bankruptcy on December 28, 1937.

4. That H. A. Robertson was insolvent when it was executed and that it was executed for the purpose of hindering, delaying, and defrauding his other creditors.

To these pleadings the defendants filed only a general demurrer, general denial, and plea of not guilty.

Four issues were submitted to the jury. No others were requested by either party. From the fact they were not objected to by the plaintiff, but were objected to by the defendants on several grounds, unnecessary to state here, we take it that they were prepared, or acquiesced in, by the plaintiff as presenting his theory of the case. In response to them the jury found:

1. That on July 12, 1937, when said deed of trust was executed, H. A. Robertson did owe said R. C. Robertson the sum of $2,500.

2. That at that time the said H. A. Robertson, being heavily in debt, was not being pressed by some of his creditors.

3. That said deed of trust was not executed with the intention and purpose of hindering and delaying his creditors.

4. That it was not executed with the intention and purpose of preventing any of H. A. Robertson's creditors from levying upon said lands.

These issues having been found against the plaintiff he then moved that these findings be set aside as without support in the evidence; and that judgment be rendered in his favor non obstante veredicto. This the trial court did, on his own independent finding that said property was either the separate property of H. A. Robertson or the community property of himself and wife; and that the deed of trust as executed,—that is by Mrs. Lillie Robertson, joined pro forma by her husband, H. A. Robertson,—was ineffectual to convey his interest.

The Bankruptcy Act provides two grounds upon which a trustee or creditor may set aside a conveyance by a bankrupt prior to the time a petition in bankruptcy is filed. Sec. 96, Title 11 U.S.C.A. p. 336, relating to "preferred creditors," authorizes the avoidance of a conveyance of the bankrupt's property, which would amount to a preference, if made when the grantor was insolvent and within four months prior to the date his petition in bankruptcy is filed. In computing this four-month period the date of the recording of such instrument, regardless of the date of its execution, is determinative. 6 Tex.Jur. § 46, p. 64; 6

Am.Jur. § 286, p. 686. Under this provision of the Act it is immaterial what the purpose and intent of the grantor may have been.

■ Sec. 107 of said Act, Title 11 U.S. C.A., relating specifically to "liens, conveyances, transfers, and assignments" makes void such conveyances or liens, if made within four months of filing the petition in bankruptcy "with the intent and purpose on his part to hinder, delay, or defraud his creditors," etc. Under this provision of the Act, the purpose and intent of the grantor must be shown.

■■ From the pleadings of the plaintiff and the issues submitted to the jury it is manifest that the plaintiff sought to set aside said deed of trust under the provisions of Sec. 107; if the deed of trust were otherwise valid. That being true, the findings of the jury were material. We are clear in the view that the trial court erred in setting them aside as not being supported by the evidence. Appellee's contention that there was no evidence to sustain the verdict is, we think, but an attack on the credibility of the testimony of interested witnesses, and does not show a lack of any evidence to sustain the findings made. Thus only a matter for the jury to determine is presented. The only testimony on these issues was that of R. C. Robertson, H. A. Robertson and his wife, Lillie Robertson; and all testified that the debt was owed for moneys furnished by R. C. to H. A. Robertson at various times and in various sums. H. A. Robertson testified that when the deed of trust was executed, he had no intention of taking bankruptcy, nor to hinder, delay or defraud any of his creditors. That his decision to take bankruptcy resulted from acts of his creditors in November, 1937, some three months after the deed of trust was executed. Consequently, the findings of the jury, having evidence to support them, were binding on the trial court.

■ . Under the plaintiff's own pleadings, it was incumbent upon him to show not only the insolvency of H. A. Robertson at the time he executed the deed of trust, but also that the property on which it was given was not the separate estate of Mrs. Lillie Robertson, but was either the separate property of H. A. Robertson, or the community property of himself and wife. The deed of trust itself purported to be only on the property of the wife, and there was testimony from which the jury could have found that it was her separate property. If so, it was not liable for the debts of her husband. The issue of the true ownership thereof was consequently raised by both pleading and evidence and the burden rested upon the plaintiff to show that it was a part of the assets of the bankrupt and subject to the payment of his debts; and that he was insolvent at the time the deed of trust, assuming it to be valid, was executed. Jackson v. Steele, Tex.Com. App., 57 S.W.2d 95, 96; 6 Tex.Jur. § 45, p. 63, and cases cited; Perkins v. Nevill, Tex. Com.App., 58 S.W.2d 50.

■ Since the pleadings and the evidence raised the issue as to whether H. A. Robertson, the bankrupt, owned the property in question at the time of the transfer, a fact necessary for the plaintiff to establish before it could, in any event, be set aside, and since the trial was to a jury, that issue should have been submitted. Even if plaintiff did not waive it, by failure to request its submission, we think the trial court, after the jury had answered adversely to the plaintiff the issues submitted to them, was without authority to then find other facts not submitted nor requested to be submitted to the jury, as a basis for a judgment non obstante veredicto; unless, as a matter of law, such facts were conclusively established and no jury issue were raised. But no such case is here presented. Material issues, essential to plaintiff's right of recovery, on which the evidence was not conclusive, were not submitted to the jury. If the court could, after findings adverse to plaintiff on the only issues submitted, then ignore them, or set them aside, and make independent findings of his own on other controverted fact issues and render judgment thereon, trial by jury would be rendered meaningless. San Antonio Public Service Co. v. Tracy, Tex.Civ. App., 221 S.W. 637; Citizens' Nat. Bank v. Texas Compress Co., Tex.Civ.App., 294 S. W. 331; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.