### CURINGTON et al. v. PARKS et al.
### No. 13171.

Court of Civil Appeals of Texas. Dallas.
Jan. 23, 1942.

840

White & Yarborough and Donald V. Yarborough, all of Dallas, for appellants.

Turner, Rodgers & Winn and Frank J. Scurlock, all of Dallas, and Will R. Wilson, Jr., of Austin, for appellees.

LOONEY, Justice.

Sybil Eileen Curington sued Mr. and Mrs. H. A. Parks and the Central Transfer & Storage Company to recover certain personal property. The Storage Company, in a cross-action, claimed a lien upon the property for the satisfaction of $8 storage charges, and Mr. and Mrs. Parks, in cross-action, claimed that plaintiff pledged the property to secure the payment of certain rents and a utility bill; each defendant praying judgment for foreclosure of the lien alleged upon the property involved.

The suit was filed in justice court, the property sequestered, and subsequently re-plevied by the plaintiff; trial in that court resulted in judgment for the defendants; plaintiff appealed to the county court where the case was tried to a jury, resulting in a verdict in her favor on the only issue of fact raised by pleading and proof, that is, whether or not plaintiff had pledged the property as security for the payment of the indebtedness for rent and utility bills. Mr. and Mrs. Parks asked for judgment notwithstanding the verdict, which the court sustained, and rendered judgment in their favor, foreclosing the lien as prayed; also rendered judgment in favor of the Storage Company for foreclosure as prayed; from which, plaintiff duly perfected this appeal.

Plaintiff's first contention is that the indebtedness claimed by Mr. and Mrs. Parks was not proven, hence there was no amount established upon which the court could base a judgment. This assignment is overruled. The evidence showed that the unpaid rent claimed was for three months and one week, and the amount of the claim for rent and utility bill was stated in a letter written by Mrs. Parks to plaintiff's father, and put in evidence by plaintiff; this, in our opinion, sufficiently established the amount of the claim.

Plaintiff's main contention is that the evidence authorized the jury finding to the effect that, she did not agree to the pledge, that is, that the property should be placed with the Storage Company in the name of Mrs. Parks, to be held until the amount of their claim was paid; hence, the court erred in rendering the judgment non obstante veredicto. This assignment presents the main question for decision.

The doctrine has so often been announced as to become axiomatic, that a trial court is not authorized to instruct a verdict in behalf of either litigant if the issue of fact to be determined is supported by evidence, and that judgment non obstante veredicto should not be rendered unless a directed verdict would have been proper. In determining the question presented, it becomes our duty to credit all evidence favorable to plaintiff, and indulge in her favor all legitimate inferences; otherwise, she would be deprived of a jury trial.

Bearing in mind this rule, the statement to follow will be based upon evidence and inferences favoring plaintiff's contention. It may be stated at the outset that the property involved belonged to plaintiff in her own separate right. Prior to July 7, 1939, she and her husband, J. C. Curington (since divorced), occupied an apartment in the City of Dallas, belonging to Mr. and Mrs. Parks, rented by Mr. Curington; and, on the date named, he being in default in the payment of several months' rent, plaintiff and husband decided to vacate the apartment and temporarily store the property involved with the Central Transfer & Storage Company, and, in the meantime, plaintiff and her baby would go to the home of her parents at Schulenburg, Texas, where her father was superintendent of the public schools. Assisted by her husband, plaintiff packed and prepared the property suitably for being stored, except some articles of

clothing packed in two suitcases; the property consisted of a couch, baby bed and mattress, baby chest of drawers and baby clothing, cedar chest, plaintiff's wearing apparel, including her wedding gown, some of her wedding presents, household linens, bedding, dishes and kitchen utensils. After the goods were prepared for storage, plaintiff called the Transfer & Storage Company to send for same. She was present when the van arrived, but left with her baby, going to the home of a friend, a Mrs. McGee, before the goods were hauled away. It seems that after plaintiff left, without her knowledge or consent, her husband agreed with Mrs. Parks to store the property with the Central Transfer & Storage Company in her name, as a pledge to secure the payment of the Parks claim. Although on this point the evidence is conflicting, plaintiff testified that she knew nothing in regard to the pledging of her property until after the goods were stored in the name of Mrs. Parks. Before taking the train for Schulenburg on the day in question, plaintiff's husband came to Mrs. McGee's where plaintiff was, and told her what he had done; that is, that he had agreed to the storing of the property in the name of Mrs. Parks, to be held as security for the Parks claim. On receiving this information, plaintiff cried, returned to the apartment, but the property had been taken away and Mrs. Parks had left; so plaintiff went on to the home of her parents at Schulenburg where she remained several months. Her testimony was a categorical denial that she either authorized her husband to pledge the property as security for the Parks claim, or that she had discussed the matter, either before or after the transaction, or agreed for her property to be stored in the name of Mrs. Parks, to be held until the claim was paid; in other words, plaintiff's testimony was a sweeping denial of the existence of any fact or facts upon which the Parks' contention, that plaintiff agreed to pledge her property as security, could be sustained.

■ The property involved belonging to plaintiff in her own separate right, and the claim of Mr. and Mrs. Parks being an indebtedness contracted by plaintiff's husband, was in no sense a charge against her separate property; hence, without plaintiff's consent, her husband was not authorized to pledge the property as security for the community indebtedness, as was attempted; and we think it wholly immate-

rial that, at the time of the transaction, Mrs. Parks did not know of plaintiff's ownership. In the judgment non obstante veredicto, the trial court not only found, in opposition to plaintiff's positive denial, and contrary to the finding of the jury on that issue, that she had pledged the property, but also found that she ratified the pledge. We do not think the question of ratification was in the case. "Ratification," as that term is understood, means the adoption of a previously formed contract, either void or of questionable validity, such as the adoption or affirmation of an unauthorized act or contract of one acting as agent or representative of another (see 52 C.J., p. 1145, Sec. 2); no such issue was presented in the instant case. Mr. and Mrs. Parks alleged in their cross-action, "That plaintiff offered to pledge as security for said rent certain properties * * * That this offer of pledge was accepted by defendants * * *"; thus the issue presented was whether or not plaintiff pledged the property, and not that her husband, acting as her agent, made the pledge; the issue thus presented was found by the jury in favor of the contention of plaintiff and, as we think, with ample evidence to sustain the verdict.

The only admissible evidence tending to show ratification, even if an issue in the case, was the fact that, some two months after the goods were stored, fearing the Storage Company would attempt a sale of the property for its charges, plaintiff gave her husband $2, advanced by her father, to pay the Storage Company, to prevent a probable attempted sale of the property. This was but an evidentiary circumstance bearing upon the issue whether or not plaintiff pledged the property as alleged by defendants, and, as such, no doubt was duly considered by the jury in arriving at their verdict.

■ We are of opinion, therefore, that the court erred in rendering judgment non obstante veredicto in favor of Mr. and Mrs. Parks, rather think judgment should have been rendered for plaintiff on the verdict in her favor, and it appearing from a statement in appellant's supplemental brief that, after the appeal in this cause was perfected, the Central Transfer & Storage Company abandoned its claim because of the small amount involved, and no brief in its behalf having been filed, therefore, the judgment below is reversed and judgment is here rendered for plaintiff, that

she recover of and from the defendants the property sued for, and that they take nothing by reason of their cross-actions.

 Because we think it a reasonable deduction from the record that this suit would have had no existence if the interest of the Storage Company alone had been involved, and that the case would not have been appealed but for the contention of Mr. and Mrs. Parks, hence the entire cost of the litigation, in this and in the court below, will be taxed against H. A. Parks, for the collection of which, execution may issue.

Reversed and rendered.