### WEBB v. VAN et al.

### No. 5866.

Court of Civil Appeals of Texas. Amarillo.

March 1, 1948.

Rehearing Denied April 26, 1948.

Joe S. Moss and C. P. Webb, both of Post, for appellant.

Kilpatrick & Kilpatrick, of Cleburne, for appellees.

LUMPKIN, Justice.

The appellant, Lucy J. Webb, brought this action of trespass to try title against the appellees, Verda Leake Van, her husband, W. B. Van and several others whose names it is not necessary to give. This suit involves about 640 acres of land situated in Crosby County, Texas. To appellant's petition, in which she alleged that the 640 acres of land was her separate property and estate, the appellees answered by a plea of not guilty and by way of a cross action the appellees sought to foreclose an abstract of judgment lien. The appellant filed a general denial to the cross action. Except for Verda Leake Van and her hus-

band, W. B. Van, the other appellees either disclaimed, or their cause was dismissed, or they were otherwise satisfactorily disposed of in the trial court's judgment.

The record reveals that the appellant's husband, Sidney Webb, died April 17, 1943. Pat Webb and Don Webb are the appellant's sons. Some years prior to this suit the land involved had been divided into two tracts. Pat Webb owned one of these tracts and Don Webb owned the other. On December 26, 1938, Pat Webb executed a deed to his mother, the appellant, conveying to her his tract for a recited consideration of $300 and the assumption of $5,300 due on the land to the City National Bank of Mineral Wells. On February 18, 1941, Don Webb likewise conveyed his tract to the appellant for a recited consideration of $1,000 and the assumption of an indebtedness due the Federal Land Bank of Houston. Neither deed recited that the consideration was paid from the appellant's separate property or that the land was to be her separate property and estate. However, in the course of the trial, which was tried before the court without a jury, Pat and Don Webb testified that none of the money recited in the deeds was ever paid; that each of them intended to give their respective tracts of land to their mother; and that at the time of executing the deeds, neither of them was indebted to the appellant. Pat Webb testified that at the time he executed the deed he was single, owned other property, and did not need the land and so gave it to his mother. Don Webb said he was about to be drafted into the army and "might not get back." The appellant stated that in paying the debts, which she had assumed in accepting the two tracts of land, she used only funds from her separate estate. According to Pat and Don Webb, on each of the occasions at which the deeds were executed, Sidney Webb, their father, was present; and the testimony shows that in all the transactions concerning the refinancing of the debts assumed by the appellant, she was joined in the execution of the various instruments by Sidney Webb, her husband. Sidney Webb died intestate April 17, 1943. No administration was had on his estate. All of his children executed quitclaim deeds to the appellant showing that they claim no interest as the heirs of Sidney Webb in the 640 acres of land.

Further, the record reveals that on May 26, 1943, there was filed for record in Crosby County an abstract of judgment which showed that on April 11, 1940, the appellee, Verda Leake Van, joined pro forma by her husband, W. B. Van, had recovered in the District Court of Johnson County a judgment against Sidney Webb. This judgment was for $3,614.84, together with court costs of $6.75.

In its judgment the trial court made, among others, the following findings: That on May 11, 1940, the appellee, Verda Leake Van, had recovered against Sidney Webb in the District Court of Johnson County a judgment in the sum of $3,614.84 together with court costs of $6.75; that the judgment bears interest at the rate of 10% per annum; that the amount due on the judgment to September 15, 1947, is $6,269.70; that the judgment is still in full force and effect; that on May 26, 1943, an abstract of the judgment was duly and legally recorded and indexed in the judgment records of Crosby County; that by virtue of the recording of the abstract judgment the appellee, Verda Leake Van, holds a valid and legal abstract of judgment lien against the land; that during the life of Sidney Webb the 640 acres of land was the community property of Sidney Webb and appellant; and that the abstract of judgment lien constitutes a valid and subsisting lien against the community property. The trial court further found that the judgment and the judgment lien are the separate property of the appellee, Verda Leake Van, and that she is entitled to foreclosure of the judgment lien. The trial court decreed that the land be seized and sold for the satisfaction of the judgment. From this judgment of the trial court the appellant duly excepted and gave notice of appeal.

In her first and second points of error the appellant assails the trial court's judgment contending that the land involved was the appellant's separate property, that it was not community property and therefore was not liable for payment of her husband's debts.

Our courts have held that whether property acquired during marriage is

community or separate is a status that is determined at the time of its acquisition. Boyd et al. v. Orr, Tex.Civ.App., 170 S.W. 2d 829, error refused W. of M. The general presumption is that all property acquired during marriage is community property, and the burden is on the party asserting otherwise to overcome such presumptions by clear, satisfactory, and convincing evidence. Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226. Although both of the sons stated they intended the land as a gift to their mother and although the appellant testified that the land was her separate property, the appellees argue that all the witnesses who testified for the appellant were interested witnesses, and that the court was authorized to disregard their testimony; that the written deeds were the best evidence of the witnesses' intentions; that the evidence introduced by the appellant was inadmissible to vary the terms of the written deeds; and that the testimony of the appellant and of her sons, which was the only evidence offered by the appellant, was inadmissible under Article 3716, Vernon's Revised Civil Statutes, commonly known as the Dead Man's Statute. We do not agree with the appellees in their contentions. Don and Pat Webb are not parties to this suit and have no interest in its outcome. We do not believe the trial court erred in admitting the appellant's testimony concerning the manner by which she received the land. Since this transaction was not between the appellant and her husband but between the appellant and her sons, certainly such evidence is not barred by Article 3716. As to the appellees' argument concerning testimony admissible to vary the terms of the written deed, we point out that parol evidence is admissible to show the true consideration in a deed, and our courts have held that notwithstanding recital of consideration, and the receipt therefor, it may be shown that the property was a gift to the grantee and therefore her separate property. Mahon v. Barnett et al., Tex. Civ.App., 45 S.W. 24; Lanier v. Faust et al., 81 Tex. 186, 16 S.W. 994; Foster et al v. Christensen, Tex.Com.App. 67 S.W.2d 246; Binford et al. v. Snyder et al., 144 Tex. 134, 189 S.W.2d 471. Since none of appellant's witnesses were contradicted and

since there is nothing to support appellees' contention of community property, except the presumption of law, the evidence is clear, satisfactory, and convincing that the appellant acquired the 640 acres of land as a gift from her sons, Pat and Don Webb, and the property so acquired is now her separate estate. Under the laws of this state the wife's separate property is not liable for her husband's debts, and therefore, in our opinion, the trial court erred in holding that the appellant's separate property was liable for the payment of Verda Leake Van's judgment against Sidney Webb. Robertson et al. v. Snodgrass, Tex.Civ. App., 137 S.W.2d 146; Curington et al. v. Parks et al., Tex.Civ.App., 158 S.W.2d 839; Walker-Smith Co. v. Coker et al., Tex.Civ. App., 176 S.W.2d 1002, error refused W. of M. The trial court's judgment is contrary to the undisputed evidence and has nothing for its support beyond the mere presumption of law. For the reasons given the appellant's first and second points of error are sustained. Choate v. San Antonio & A. P. Ry. Co., 91 Tex. 406, 44 S.W. 69; Woods et al. v. Townsend et al., 144 Tex. 594, 192 S.W.2d 884; Wilson v. Wilson, supra. Because of this disposition of the case, it is not necessary to discuss the appellant's remaining points of error.

A careful study of the record convinces us that an opportunity was afforded in the trial of this case for a full and exhaustive development of the testimony. In our opinion nothing could be gained by remanding the cause for another trial. The judgment of the trial court is therefore reversed and judgment is here rendered for the appellant.

On motion For Rehearing

PER CURIAM.

In their motion for rehearing the appellees contend with much earnestness that we erred in reversing and rendering the case because, first, in each of the deeds executed by Pat and Don Webb conveying the land to their mother, the appellant, a portion of the consideration recited was that appellant would assume outstanding indebtedness; that it was contractual in its nature and the purport and effect of the deeds were, there-

fore, not subject to change by extrinsic or parol evidence without alleging fraud, accident or mistake. Secondly, they contend that Pat and Don Webb, being sons of the appellant, had expectancies in her estate. They were, therefore, interested witnesses, and the appellant being likewise an interested witness, the trial court had the right to disregard or reject their testimony.

■ The general rule invoked by appellees' first contention is well established by the courts of this State as well as of other jurisdictions. It has many times been held that, when the consideration expressed in a deed or other contract is contractual in its nature, parol evidence is not admissible to vary its terms. It is equally well settled however that the rule of exclusion does not include nor bind persons who are not parties to the deed or other written instrument involved. The reason for the exception is that a stranger to the instrument, not having assented to it, is not bound by it, but is at liberty to show that it does not express the full character of the transaction. Inasmuch as he is thus free to vary or contradict it by parol, his adversary, even though a party to the instrument, must be accorded the same privilege, and it is not necessary for either of them to allege fraud, accident or mistake. Godwin v. Banister, Tex.Civ. App., 242 S.W. 1098; Pennington v. Bevering et al., Tex.Civ.App., 9 S.W.2d 401; Long Bell Lumber Co. v. Futch et al., Tex. Civ.App., 20 S.W.2d 1076; Johnson v. Portwood et al., 89 Tex. 235, 34 S.W. 596, 787; Hall, Com'r of Insurance and Banking, et al. v. San Jacinto State Bank et al., Tex.Civ.App., 255 S.W. 506; Hart et al. v. Meredith, 27 Tex.Civ.App. 271, 65 S.W. 507; Peters et al. v. Lerew et al., Tex.Civ. App., 139 S.W.2d 321.

The deeds involved were executed by Pat and Don Webb and conveyed the land to the appellant. Appellees were not parties to the deeds and were therefore not bound by the recitations contained in them. If they had recited considerations of love and affection, or that they were deeds of gift, or that the consideration was paid entirely from appellant's separate estate and that the land was conveyed to her as her separate property, and in addition, had recited contractual considerations, appellees would have been at liberty to show by extrinsic evidence, if they could, that such recitations were false and that the transaction was such as to make the land community property of appellant and her husband. Since appellees enjoyed that privilege, it would manifestly be unfair and discriminatory to deny appellant the same prerogative. The rule of law announced by the above authorities and many others that could be cited, and the reason therefor, are fully demonstrated by the record in this case.

■ The second contention is untenable because, although Don and Pat Webb were the sons of appellant, they were competent witnesses and, although appellant was interested in the property, she likewise was a competent witness. Article 3714, R.C.S. All three of them testified that appellant did not pay either the cash consideration of $300 recited in the deed of Pat Webb or the cash consideration of $1000 recited in the deed of Don Webb, and that there was no intention on the part of any of them that she should do so. They said they did know why the deeds expressed cash considerations. Their testimony was positive and unequivocal that the deeds were intended as gifts to their mother. The testimony was clear, certain and satisfactory. There was no evasion or ambiguity. It was explicit and free from any element of suspicion or equivocation. In fact, appellant's counsel made no effort to cross-examine either of the witnesses. The mere fact that Pat and Don Webb might have had remote expectancies in the estate of the appellant, their mother, did not render their testimony dubious, doubtful or suspicious nor prevent it from being clear and satisfactory; nor did the fact that appellant was interested in the transaction and in the property involved place her testimony beyond the pale of credibility. The testimony was uncontroverted and the court was not warranted in ignoring or rejecting it. It was entitled to the proper weight of undisputed testimony with no suspicion cast upon it. The testimony of these witnesses being the only testimony adduced by either side upon the question of whether the deeds constituted gifts to the appellant, the finding of the court in its judgment that the land involved was community property was in di-

rect opposition to all of the testimony in the case upon that question and, in our opinion, the judgment is without support in the testimony. It is supported only by the legal presumption that the land was community property because it was conveyed to appellant during her coverture and the presumption was completely overcome by the testimony. Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; Nobles et ux. v. Texas Indemnity Ins. Co., Tex.Com.App., 24 S.W.2d 367; Autrey v. E. Nelson Mfg. & Lumber Co., Tex.Civ.App., 26 S.W.2d 298; Majors v. Turner, Tex.Civ.App.,280 S.W. 844; Trinity Gravel Co. et al. v. Cranke, Tex.Com.App., 282 S.W. 798; Buro v. Home Benefit Ass'n, Tex.Civ.App., 28 S.W.2d 902.

We adhere to our original holding and appellees' motion for rehearing will be overruled.