**SCOTT et al. v. GEARNER et al.**

**No. 13821.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1952.

ates, Inc. is, however, hereby directed to file its said claim within thirty days from the date of this order so that such claim may be considered by this Court."

David O. Belew, Jr., Asst. U. S. Atty., Frank B. Potter, U. S. Atty., Fort Worth, Tex., for appellant.

Robert A. Wilson, Wentworth T. Durant, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought in the State Court against the grantors, Marvin Lunsford and wife, and the trustee, Neal T. Scott, in a deed of trust on described property in Dallas, and re-

moved to the Federal Court, the suit sought, upon allegations that plaintiffs were owners of undivided interests in part of the property described therein, to enjoin the defendant Scott from selling or encumbering the interests of plaintiffs.

The claim was: that the property had been purchased with partnership funds by and for a partnership composed of plaintiffs and their predecessors in title and the Lunsford defendants; that on May 31, 1946, the commissioner had disregarded the partnership for tax purposes and, assessing large deficiencies against the defendant Marvin Lunsford, had exacted the deed of trust from him and his wife, without authority from plaintiffs and under duress; that neither Scott nor the collector was an innocent purchaser as to plaintiffs' interest; and that plaintiffs were entitled to be protected by an injunction against the sale of their interest in the property.

The trustee admitting: that the commissioner had assessed, and the collector had attempted to collect, deficiencies against defendant as alleged, alleged further: that the deed of trust had been executed, but voluntarily and without threats or duress; and that he was about to sell the property under the deed of trust, as he had a right to do. He, therefore, prayed that the injunction be denied and the suit be dismissed.

The United States, appearing by intervention and alleging: the due and legal assessment of taxes against Marvin Lunsford and Eula, his first wife, and the assumption by Marvin Lunsford of the taxes assessed against her; that notice of tax had been filed and the deed of trust plaintiff sued to enjoin given; sued to recover the taxes claimed and to foreclose the lien of the deed of trust on the property described therein.

The Lunsfords, plaintiffs, and defendant answered the intervention, plaintiffs briefly with a general denial, the defendant at length with detailed denials of the tax indebtedness claimed by the United States. These were in the form of a claim,

that the partnership was a valid one and the assessment made in disregard of it was invalid, and attacks of various kinds upon the deed of trust.

The pleadings all in, testimony both oral and written was heard, and the evidence concluded, the district judge, on June 25, 1951, in an oral opinion, finding: that there was a valid partnership, as alleged by the plaintiffs and defendants Lunsford; that the properties mortgaged were the properties of the partnership; and that Marvin Lunsford was without authority to execute the deed of trust; announced the conclusion that the collector must be enjoined and judgment must go for plaintiff. To which the court added: "I will ask you to prepare the decree, Gentlemen, to be okayed by the other side, as to form, saving such exceptions as they may wish."

Then followed this colloquy. To the request of the United States, that it be allowed foreclosure of the lien on Marvin Lunsford's interest, 25 percent, the court replied: "Well, I see no reason why you do not have the right to foreclose against his interest, but only as to the extent of his liability as a partner, in the percentage as indicated." To which, Mr. Christian replied: "That is what I have in mind."

On the same day, at Sec. 4051, page 162 on the Civil Docket of the Court, this entry appeared:

"Entry
June 25, 1951
"Entering judgment for plaintiff;
Collector enjoined; foreclosure as to Marvin Lunsford's interest granted."

Thereafter, on July 3, 1951, there was signed by the judge and entered on the minutes as the judgment of the court, a judgment,[1] duly approved as to form by all counsel.

Scott and the United States, within sixty days thereafter on August 31st, giving notice of appeal from that decree, were met in the District Court, and are met here, with a motion to dismiss the appeal as untimely because the appeal should have been, but was not, filed within sixty days

1. This judgment: (1) vested title to the properties in the plaintiffs as former members of the Lunsford partnership, the Dallas Candy Company; (2) adjudged that the partnership was valid and subsisting for all purposes; (3) denied the

from June 25th, the date of the docket entry.

The district judge, though doubtful of his jurisdiction to determine the matter, held the motion well taken. We cannot agree.

■ The point made is settled to the contrary by this court in In Re Hurley, Mercantile Co., 5 Cir., 56 F.2d 1023, 1024, 1025, where, after full and authoritative discussion of the precise point made here, the court saying, "Statutes regulating appeals are remedial and should have a liberal construction in furtherance of the right of appeal." went on to hold: "Usually a judgment is considered as final and perfect so as to be appealable only when entered by the clerk."

But, this case aside, to hold that the decree to be appealed from was the docket entry rather than the formal decree is to go directly contrary to the judge's opinion quoted above, in which he directed the counsel to prepare the decree and provide for exceptions.

The motion to dismiss the appeal is without substance. It is Denied.

Coming, however, in their order, to the four questions[2] raised by the four specifications of error relied on for reversal, we find ourselves, for the reasons hereafter briefly stated as to each, in full agreement with appellees that the first, third, and fourth questions should be answered in the affirmative, and, in partial agreement with them, that the second should also be.

■ The first question should be so answered because the case was tried on both oral and documentary evidence, and, while the record does present conflicts, it also contains testimony which, if believed, fully supports the district judge's finding. He saw and heard the witnesses. It was for him, in the absence of self contradictions or other impeachment of the testimony, to determine credibilities and draw inferences.

Under Rule 52(a) Federal Rules of Civil Procedure 28 U.S.C.A., as interpreted and applied in U. S. v. U. S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, and, by this court, in Sanders v. Leech, 5 Cir., 158 F.2d 468, we can not say that the findings were clearly erroneous.

■ Appellants' claim, that the oral testimony violates the parol evidence rule and is inadmissible, is without substance. That rule has no application in this case.[3]

■ The third question requires an affirmative answer under the pleadings and the applicable authorities.[4] The United States came in by intervention, as it had the right to do, affirmatively alleging a tax indebtedness to it and putting the amount and validity of the claim in issue. Having done so in *haec verba*, it, of course, cannot claim that it did not.

■ As to the second question, while we agree with appellees, plaintiffs below, that the evidence was sufficient to support a permanent injunction restraining the enforcement of the deed of trust against their interests, we are of the further opinion that the absolute denial of enforcement against the interest of the defendant Marvin Lunsford, for such taxes as may be

---

claim of the United States for taxes based on a denial of the validity of the partnership; and (4) enjoined the sale of the lands described in the petition.

2. As stated in appellant's brief, they are:
    1. Whether the evidence was sufficient to establish a partnership between Marvin Lunsford, Daniel R. Lunsford, Daniel B. Lunsford and Doris A. Bodie Porter, and later between them and Eula V. Lunsford.
    2. Whether the evidence was sufficient to support a permanent injunction against the enforcement of the deed of trust from Marvin Lunsford and wife, Jetta·Fern Lunsford, to Neal T. Scott, Trustee.

3. Whether the amount and validity of the income taxes claimed by the Government were placed in issue by the pleadings.

4. Whether the evidence was sufficient to support a denial of the Government's claim for income taxes.

3. Wigmore on Evidence, 3rd Ed. Sec. 2446; Webb v. Van, Tex.Civ.App., 210 S.W.2d 877; Id., 147 Tex. 299, 215 S.W.2d 151; Patterson v. Texas Co., 5 Cir., 131 F.2d 998 at 1001.

4. Clinkenbeard v. U. S., 21 Wall. 65, 88 U.S. 65, 22 L.Ed. 477; DeBary v. Dunne,

found to be actually due by him, was error,[5] and that the judgment must be reformed to limit the absolute restraint to the interests of plaintiffs and to permit foreclosure of the lien against Marvin Lunsford's interest in accordance with what was said in the oral opinion.

As to the fourth question, the correctness of the third paragraph of the decree appealed from,[6] we agree with the appellees that the evidence was sufficient to support it. This follows from answering in the affirmative the first question posed, the validity *vel non* of the partnership. If the partnership was valid as the court below found, the tax, to the extent that it was based on a determination of the invalidity of the partnership, was not due and owing, and the court properly adjudged that it was not.

The judgment will, therefore, be affirmed, except that paragraph four of the decree will be modified by inserting after "that", the first word in the paragraph, the words "as to the interests of plaintiffs" and after the word "sell" in the next to the last line thereof, the words "their interests in".

Modified and affirmed.

C.C., 162 F. 961; U. S. v. Pusey, 9 Cir., 47 F.2d 22.

5. The pleadings of the plaintiffs sought an injunction only as to their interests, the proof showed that Marvin Lunsford had an interest, and the judge, in his oral opinion and judgment entry, supra, granted foreclosure as to Marvin Lunsford's interest.

6. "3. That the claims of Defendant, The

Collector of Internal Revenue, and Intervenor, The United States of America, respectively, for additional taxes against

Marvin Lunsford and wife, Jetta Fern Lunsford, resulting from a denial of the validity of such partnership are denied."