242 F.2d 888
 Evelyn EDWARDS, Plaintiff-Appellant,
v.
DOCTORS HOSPITAL, Inc., Seymour Wimpfheimer, Irving Somach
and William Murphy, Defendants-Appellees.
BERTHA BUILDING CORPORATION, Plaintiff-Appellant,
v.
NATIONAL THEATRES CORPORATION, Defendant-Appellee.
GUMBINER THEATRICAL ENTERPRISES, Inc., Plaintiff-Appellant,
v.
NATIONAL THEATRES CORPORATION, Defendant-Appellee.
HUBER BAKING COMPANY, Plaintiff-Appellant,
v.
STROEHMANN BROTHERS COMPANY and Quality Bakers of America
Co-operative, Inc., Defendants-Appellees.
 Docket 24263, 24254, 24253, 24466.
 United States Court of Appeals Second Circuit.
 Motions Argued March 4, 1957.
Decided April 1, 1957.
 
 Irving Lemov, New York City, for plaintiff-appellant, Evelyn Edwards.
 Galli & Locker, New York City (Lawrence J. McGinn, New York City, of counsel), for defendant-appellee, Doctors Hospital, Inc.
 Martin, Clearwater & Bell, New York City (John J. De Luca, New York City, of counsel), for defendants-appellees Wimpfheimer and Somach.
 Debevoise, Plimpton & McLean, New York City (Daniel W. West, New York City, of counsel), for defendant-appellee William Murphy.
 Corcoran, Kostelanetz & Gladstone, New York City (Boris Kostelanetz, Arthur Karger and Jules Ritholz, New York City, of counsel), for plaintiffs-appellants, Bertha Building Corp. and Gumbiner Theatrical Enterprises, Inc.
 Dwight, Royall, Harris, Koegel & Caskey, New York City (Frederick W. R. Pride, Charles F. Young and Stanley Godofsky, New York City, of counsel), for defendant-appellee, National Theatres Corp.
 Appell, Austin & Gay, New York City (Cyrus Austin, New York City, of counsel), for plaintiff-appellant Huber Baking Co.
 Nims, Martin, Halliday, Whitman & Williamson, New York City (John Dashiell Myers and Henry Temin, Philadelphia, Pa., and Carl B. Shelley, Harrisburg, Pa., of counsel), for defendant-appellee, Stroehmann Brothers Co.
 Greenwald, Kovner & Goldsmith, New York City (Harold Greenwald and Harry Litwin, New York City, of counsel), for defendant-appellee Quality Bakers of America Cooperative, Inc.
 Before MEDINA and WATERMAN, Circuit Judges, and GALSTON, District judge.
 MEDINA, Circuit Judge.
 
 
 1
 In these three separate and distinct but companion cases, motions to dismiss the several appeals were argued before us on March 4, 1957. As each motion relates to a phase of the subject matter of Chief Judge Clark's opinion, written for a unanimous en banc court, in F. &M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889, we shall dispose of the three motions together.
 
 I.
 
 2
 Edwards v. Doctors Hospital, Inc. et al.
 
 
 3
 These are motions by various defendants-appellees to dismiss plaintiff's appeal for lack of timely service of the notice of appeal, and a cross motion by appellant for leave to file appellant's brief and appendix in the event of the denial of the motions to dismiss.
 
 
 4
 At the conclusion of plaintiff's case, Judge Byers granted the motions of appellees for a directed verdict on March 26, 1956, and the docket entry made on the same date reads:
 
 
 5
 'Byers J. Case called. Trial resumed. Plaintiff rests. All defendants move for dismissal of the complaint and direction of a verdict. Motions granted. Court directs verdict for each defendant. Jury discharged.'
 
 
 6
 On April 10th costs were taxed and Judge Byers signed a formal judgment, submitted by appellee William Murphy. As has happened in the past, there was a miscalculation of the time within which to serve the notice of appeal, due to the erroneous assumption that the time to appeal ran from the service of a copy of the formal judgment, with notice of the entry thereof, according to the practice in vogue in the New York State Courts.
 
 
 7
 The determination made by Judge Byers on March 26, 1956, followed by the docket entry, decided the case with finality. There was no occasion for him separately to pass upon the motions by defendants to dismiss the complaint as the dismissal followed as matter of law upon the direction of a verdict in favor of defendants.
 
 
 8
 Under our ruling in F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889, and a long series of earlier cases cited therein, the notice of appeal, based upon a computation from April 10, came too late.
 
 
 9
 Another curious feature of the case is that after the time to appeal had fully expired, and there remained no possibility of giving our Court jurisdiction of the case, appellant made a motion on May 29, 1956, allegedly pursuant to Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an extension of time within which to file an appeal to this Court, on the ground of 'Excusableneglect based on a failure of a party to learn of the entry of the judgment.'
 
 
 10
 Since the judgment was final on March 26, the appellant had 30 days until April 25 to file his notice of appeal and an additional 30 days to petition the lower court for an extension of time under Rule 73(a) on a showing of excusable neglect. However, this time expired on May 25 and since Rule 73(a) is 'mandatory and jurisdictional' and 'can not be extended by * * * order of the court' (Marten v. Hess, 6 Cir., 176 F.2d 834, 835), Judge Inch's order on May 31 is a nullity and of no effect. Raughley v. Pennsylvania R. Co., 3 Cir., 230 F.2d 387; Howard v. Local 74, 7 Cir., 208 F.2d 930, 932; Slater v. Peyser, 91 U.S.App. D.C. 314, 200 F.2d 360.
 
 
 11
 Accordingly, we have no jurisdiction over this appeal and it is dismissed; and the cross-motion falls of its own weight.
 
 II.
 
 12
 Bertha Building Corporation v. National Theatres Corporation
 
 
 13
 Bumbiner Theatrical Enterprises, Inc. v. National Theatres Corporation
 
 
 14
 In these consolidated cases Judge Galston filed an opinion on March 28, 1956, 140 F.Supp. 909, which would have been an unequivocal and definite determination of all the issues in favor of defendant, dismissing the complaint, except for the fact that he added 'Settle orders.'
 
 The docket entry in each case reads:
 
 15
 '3-28-56. By Galston, J. Decision rendered on above trial. The complaint is dismissed. Settle order. See opinion and Findings of Fact and Conclusions of Law filed.'
 
 
 16
 On April 16, 1956, Judge Galston 'settled' the orders by affixing his signature to a formal order dismissing each complaint with costs. The notice of appeal was filed on May 2, 1956.
 
 
 17
 The ruling in F. & M. Schaefer Brewing Co. v. United States,supra, followed by Matteson v. United States, 2 Cir., 240 F.2d 517 is (236 F.2d at page 891) that, to start the time to appeal running, there must be 'some decisive and complete act of adjudication by the district judge * * * and notation thereof made in the civil docket.' Here there was no such decisive act because of the words 'Settle orders,' at the end of the opinion. This well known formula has always indicated that something further is necessary, in the opinion of the trial judge, before his decision becomes definitive.
 
 
 18
 Such was the holding in U.S. v. Lucchese, decided without opinion by this Court on October 8, 1956. In that case Judge Inch, 149 F.Supp. 952, indicated in his opinion that he would grant a motion for summary judgment dismissing the complaint, without prejudice to the institution of another proceeding; but his opinion ended with the words, 'Settle order.' This Court, in a panel consisting of Judges Clark, Hand and Swan, held that the appeal was prematurely taken and should be dismissed, as no order was ever settled. See also United States v. Roth, 2 Cir., 208 F.2d 467, where we stated ap page 470:
 
 
 19
 'District judges have it in their control to temove all doubt by making explicit and beyond misunderstanding their directions either for immediate judgment or for later settlement of a formal decree.'
 
 
 20
 See also Scott v. Gearner, 5 Cir., 197 F.2d 93.
 
 
 21
 Accordingly, the motion to dismiss the appeals in these two consolidated cases is denied, as the notices of appeal were timely served. The application made by appellee on argument for an extension of time within which to file and serve its brief, in the event of the denial of the motion, is granted, and such time is extended to April 5, 1957.
 
 
 22
 Judge Galston did not participate in the determination of this motion.
 
 III.
 
 23
 Huber Baking Company v. Stroehmann Brothers Company and Quality Bakers of America Cooperative, Inc.
 
 
 24
 This is an action for an injunction and for damages based upon charges of unfair competition, trademark infringement and inducement of breach of contract as against appellee Stroehmann Brothers Company, and of contributory infringement and breach of contract as against appellee Quality Bakers of America Cooperative, Inc. The trial transcript consists of 1,500 pages and about 330 exhibits were received in evidence.
 
 
 25
 At the conclusion of this long trial, Judge Walsh stated 'I am going to dismiss the complaint,' and he proceeded to dictate his opinion and findings, which cover thirteen pages of the transcript, concluding with the words, addressed to counsel for the parties, 'if you want to submit more formal requests and findings, I will be glad to receive them.' After making an examination of the transcript which was not filed until June 29, 1956, counsel for appellant decided that a satisfactory record had been made and that he would submit no requests for further findings.
 
 
 26
 On August 6, 1956, a formal judgment was entered dismissing the complaint and awarding costs in the amount of $456.75 to appellee Stroehmann Brothers Company against appellant. The notice of appeal was served within 30 days thereafter.
 
 The docket entries read:
 
 27
 June 11-56 Before Walsh, J.--trial begun
June 12-56 Trial continued
June 13-56 ' '
June 14-56 ' '
June 15-56 ' '
June 18-56 ' '
June 19-56 ' '
June 20-56 ' '
June 21-56 ' '
June 22-56 ' '
June 25-56 ' '
June 26-56 ' '
June 27-56 ' '-Concluded. Complaint dismissed.
June 29-56 Filed Transcript of record of proceedings of June 20, 21, 22, 25,
 26, 27,--1956
June 29-56 Filed Transcript of record of proceedings of June 11, 12, 13, 14,
 15, 18, 19,--1956
July 11-56 Filed Bill of Costs Taxed at $456.75
Aug. 6-56 Filed Judgment #61,089 dismissing complaint and that deft.
 Stroehmann Brothers Co., recover costs taxed at $456.75, Walsh,
 
 Mailed Notice of Entry 8/7/56
 
 28
 When the docket entries are read in their entirety and in the context of the colloquy at the close of the trial, it is evident that Judge Walsh intended no final and definitive adjudication of the case but, on the contrary, expressed his desire to give consideration to any findings which counsel for appellant might wish to submit. He knew counsel was awaiting the writng out of the transcript of the trial minutes in order to decide whether or not to submit further findings for his consideration. The fact that counsel ultimately decided not to submit further requests in no way changes the fact that there had not yet been a 'decisive and complete act of adjudication by the (trial) judge.' F. & M. Schaefer Brewing Co. v. United States, supra, 236 F.2d at page 891.
 
 
 29
 In this case the motion to dismiss the appeal is denied.