**GULF REDUCTION CORPORATION, Appellant,**

v.

**BOYLES GALVANIZING & PLATING COMPANY et al., Appellees.**

No. 17122.

Court of Civil Appeals of Texas, Fort Worth.

June 19, 1970.

Hooper & Kerry, and Michael R. Burkett, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn, and Sloan B. Blair, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This case is one in which the appellant seeks to substitute solvent defendants, Boyles Galvanizing and Plating Company and W. M. Boyles, as the alter ego for an insolvent judgment debtor, Sabine Galvanizing Company.

The court without a jury rendered judgment for the appellees, Boyles Galvanizing and Plating Company and W. M. Boyles, on January 7, 1970. No findings of fact or conclusions of law were requested or filed.

The appeal is based upon six points of error. By the first three it is contended that the evidence, as a matter of law, showed or conclusively established that appellee, W. M. Boyles, was the alter ego of Sabine Galvanizing Company and that there is no evidence to support a finding to the contrary. By its points four, five and six, respectively, the appellant insists that the court erred in rendering judgment for the appellees because its case was not barred by the Statute of Limitations, res judicata or estoppel by judgment.

We affirm.

We will forego a discussion of the first three points involving the question of alter ego other than to state that we have carefully reviewed the entire record in this cause and have concluded that there is sufficient evidence to support the court's holding that Boyles was not the alter ego of Sabine Galvanizing Company.

Since, in our opinion, the judgment of the trial court must be affirmed on the questions relating to limitation and res judicata we will confine our opinion to these matters for the sake of brevity.

The appellant, in a former suit based upon actions which occurred in late August of 1962, sought recovery against Sabine Galvanizing Company, and the appellees herein, Boyles Galvanizing and Plating Company and W. M. Boyles. The case was filed in the 17th District Court of Tarrant County, Texas, as Cause No. 28,-866–C, styled Gulf Reduction Corporation vs. Sabine Galvanizing Company et al. In said cause the appellant prayed that it have judgment against all three defendants, including the appellees and each of them, jointly and severally, for "damages hereinabove alleged, for wrongful injunction, conversion, failure to account and collateral conversion thereupon, for all costs of suit, and for such other and further relief to which plaintiff may show itself entitled, at law or in equity."

At the conclusion of the trial in the former suit, Cause No. 28,866–C the court made findings of fact and conclusions of law which we have summarized in the paragraphs next following.

FINDINGS OF FACT:

1. Beginning about November 18, 1960, plaintiff Gulf Reduction Corporation, hereinafter referred to as Gulf, began selling zinc to Metal Services, Inc., hereinafter called Metal Services, on an open account. These sales continued periodically through its last delivery of zinc and aluminum on May 17, 1962. After allowing all credits for payment, the net amount due the plaintiff by Metal Services was $7,614.31.

2. On June 19, 1961, Metal Services executed a note to Eagle-Picher Company for $23,295.00, and a chattel mortgage securing same, filed in Jefferson County on June 29, 1961, covering prime western zinc located at the Metal Services premises, Jefferson County, Texas, together with all such zinc added to the inventory on the premises at later dates.

3. About July 1, 1962, Sabine Galvanizing Company, hereinafter called Sabine, took possession of the premises and assets of the insolvent Metal Services under a contract to purchase that business.

4. The above note and chattel mortgage were assigned to Sabine by Eagle-Picher Company, for value, on July 9, 1962, and the assignment was filed July 12, 1962, in

the Chattel Mortgage Records of Jefferson County, Texas. Assignment of the note and chattel mortgage to Sabine from Eagle-Picher Company was made to protect Sabine's position in buying the assets of Metal Services.

5. At the time of the assignment of said note and chattel mortgage, payment of said note was in default and continued in default by the said Metal Services at all times material hereto.

6. On the date of the assignment, the principal debt due and owing on said note and at all times material thereafter was $14,182.95.

7. Sabine placed said note in the hands of an attorney for collection before the sale on August 21, 1962, hereinafter referred to.

8. That while in possession of the premises of Metal Services and acting to protect its interest in buying the assets of the insolvent Metal Services, Sabine placed all of the zinc into kettles and drums marked "Property of Sabine Galvanizing Company, Inc." On July 30, 1962, Sabine sent out a notice to all creditors of the insolvent Metal Services that it intended to buy in bulk all of the assets of that company.

9. On August 6, 1962, Gulf filed suit against Metal Services in Cause No. 600,-059 in the District Court of Harris County, Texas, on a sworn account and on the same date sued out a Writ of Attachment.

10. On August 10, 1962, the Sheriff of Jefferson County levied the Writ of Attachment on Metal Services galvanizing plant in which the zinc in question was located.

11. On August 13, 1962, Sabine sued for and obtained a temporary restraining order in the District Court of Jefferson County, Texas, in Cause No. B–79556, restraining Gulf and the Sheriff of Jefferson County from taking possession of any zinc located on the premises of Metal Services or in any way interfering with Sabine's use, possession and ownership of the said zinc. Pursuant to the injunction, the Sheriff of Jefferson County relinquished control and possession of the zinc to Sabine.

12. On August 21, 1962, Sabine's attorney conducted a nonjudicial sale in his office in Beaumont, Texas, of the zinc situated on the premises of Metal Services and Sabine purchased the zinc for the sum of $21,194.26 at that sale.

13. A date was set for a hearing on the temporary restraining order that date being August 23, 1962.

14. On May 13, 1963, plaintiff obtained a Summary Judgment against Metal Services for the principal amount of $7,614.31, plus the sum of $1,522.86 as attorney's fees, plus interest of $171.00, plus interest from the date of judgment on all sums at six percent (6%).

15. Defendants did not at any time file suit to try the right of property of the zinc in question.

16. On August 21, 1962, the day of the sale by Sabine, the zinc was picked up by Sabine and sold to the defendant Boyles Galvanizing and Plating Company and other corporations wholly owned by W. M. Boyles and his family.

17. The temporary restraining order obtained by defendant Sabine as described in Finding 11 above, caused no monetary damage to plaintiff.

## CONCLUSIONS OF LAW:

1. The defendant Sabine had a valid chattel mortgage lien on the zinc in question securing a debt in the principal amount of $14,182.95, plus attorney's fees in the amount of $1,418.00, making a total of $15,-600.95, which lien was superior to the attachment lien obtained by the plaintiff.

2. The plaintiff acquired a valid attachment lien against the zinc in question, which lien was inferior to the chattel mortgage lien of Sabine.

3. The sale of said zinc by the defendant Sabine was a valid sale. Title thereto passed to Sabine.

4. There was no conversion of said zinc by any party hereto.

5. Sabine, as a matter of law, is entitled to deduct from the proceeds of the sale the sum of $15,600.95, plus $100.00 as costs of sale, making a total of $15,700.95.

6. Plaintiff is entitled to recover from Sabine the sum of $5,493.31, same being the difference between such defendant's bid of $21,194.26 and the said sum of $15,700.95, which said defendant was entitled to apply against its debt and costs of sale.

7. The restraining order obtained by defendant Sabine on August 13, 1962, in the District Court of Jefferson County, Texas, in Cause No. B–79556, against plaintiff and the Sheriff of said county, was not wrongful because plaintiff suffered no monetary damage thereby.

8. That plaintiff is not entitled to any recovery against the defendant, W. M. Boyles, or against the defendant, Boyles Galvanizing and Plating Company.

9. That any sums of money spent by Sabine while it was in possession under a contract of sale of the assets of the insolvent Metal Services were not expenses incurred as costs of sale within the contemplation of the chattel mortgage itself.

## ADDITIONAL FACT FINDING:

Any action taken by the defendant, Sabine, was done by or through its president, W. M. Boyles, or at his direction. Defendant, W. M. Boyles, made several visits to the plant of Metal Services during the summer of 1962 and was personally present at the non-judicial sale referred to in the Findings of Fact.

On April 22, 1964, the court rendered judgment for the appellant, Gulf, against Sabine based upon the above findings of fact and conclusions of law. The judgment, long since final, recited that the court " * * * finds that the defendant Sabine Galvanizing Company is indebted to plaintiff in the sum of $5,493.31; and that defendants Boyles Galvanizing and Plating Company and W. M. Boyles, individually, are not in any manner indebted to plaintiff.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff do have and recover of and from defendant Sabine Galvanizing Company the sum of $5,493.31, together with all costs here incurred, and that defendants Boyles Galvanizing and Plating Company and W. M. Boyles, individually, go hence with their costs, for all of which let execution issue. * * *"

We feel that the prayer, the findings of fact, conclusions of law and the judgment above set forth in the previous case of Gulf Reduction Corporation vs. Sabine Galvanizing Company et al., in Cause No. 28,-866–C, will sufficiently identify and decribe the cause of action in which Gulf obtained a judgment against Metal Services and Sabine.

Subsequent to its judgment against Sabine the appellant on August 12, 1966, filed the present cause of action seeking to hold Boyles personally liable for the judgment against Sabine on the theory that Boyles was its alter ego. Except for the alter ego theory the appellant by its present suit seeks to hold the appellees liable on the same cause of action in which appellees were exonerated by judgment in Cause No. 28,866–C.

It seems clear to us that any liability of the appellees for the debt, with which Sabine was stuck by the judgment in the previous case has already been adjudicated adversely to appellant as against the appellees.

The contention that Sabine was the alter ego of appellees is merely another theory of recovery which the appellant could have

asserted in the former suit. It could have been supported by the same evidence which was offered in the instant case. It would appear from the findings of fact and conclusions of law filed in the previous case that the appellant and the court were well aware of the close relationship of Boyles with the other two defendants. This was further developed by deposition taken in the former suit.

The issues in the former suit have been well defined by the court as previously described and were resolved by the court against the appellant.

"A litigant is not entitled to have a second trial of an issue that was determined in a former suit merely because in the second suit he has a different purpose in view and seeks other relief; * * *. Nor will advancement of new and different reasons for the granting of the relief prayed for change the situation, since the applicability of the plea depends on the identity of the cause of action or matter of defense in issue, and not on the identity or similarity of the points or grounds urged to support or maintain the action or matter of defense. It is recognized that otherwise litigation would end only when the ingenuity of counsel could not suggest additional grounds in support of the issue. So long as the grievance or wrong complained of is the same, the cause of action is the same, and the judgment in the first suit stands as a bar to further examination of the matter." 34 Tex.Jur.2d, Judgments, Section 495, page 554.

In other words, in the instant case, whatever grounds appellant may have had for claiming that appellees here were liable for the same debt should have been asserted in the former suit, and any not so asserted are barred.

See American Law Institute, Restatement of the Law of Judgments, Section 63, page 257, and Section 61, page 240, same text.

" 'It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. * * * Or, as differently expressed, "the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time" ' " Metropolitan Life Ins. Co. v. Pribble, 130 S.W.2d 32, 336 (Fort Worth Tex.Civ.App., 1939, writ ref.).

The fact that a corporation may be the alter ego of an individual or that the individual may be the alter ego of a corporation does not create a cause of action against either the individual or the corporation as is contended by the appellant.

Like agency it is merely a ground upon which the individual may be held liable upon a cause of action which otherwise would have existed only against the corporation.

On the question of limitation it is our opinion that if the appellees were ever liable for the debt of Sabine such liability accrued in August of 1962 when the liability of Sabine accrued. The case at bar was not filed until August of 1966. It is clearly barred by limitations as well as by the previous judgment in Cause No. 28,866–C which was rendered in April of 1964.

All points of error are overruled and the judgment of the trial court is affirmed.