Sabrina GALLAGHER, Appellant,

v.

McClure BINTLIFF, et al., Appellees.

No. 3-87-069-CV.

Court of Appeals of Texas,
Austin.

Nov. 18, 1987.

Rehearing Denied Dec. 9, 1987.

Rita F. Carper, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, for appellant.

Randell W. Livingston, Jr., James A. Vaught, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant Sabrina Gallagher sued McClure Bintliff, The Hamlets Corporation, Bay Brazos Corporation, Lamar Water Supply Corporation, and Mesa Construction, Inc., in the district court of Travis County in a "collection of judgment by court proceeding." Tex.Civ.Prac. & Rem. Code Ann. § 31.002 (1986). The district court granted appellees' motion for summary judgment. This Court will affirm the summary judgment upon the ground that Gallagher's claim was barred by limitations.

The facts with respect to the underlying judgment are that in February 1982, Gallagher suffered an on-the-job injury while working as a waitress at the Sea Gun Sports Inn, Inc., in Rockport. Because Sea Gun had permitted its workers' compensation insurance coverage to lapse, Gallagher sued the corporation and McClure Bintliff in the district court of Travis County seeking damages in tort resulting from the injury which was allegedly caused by Sea Gun's failure to keep a safe workplace and in contract for damages resulting from Sea Gun's breach of contract to maintain workers' compensation insurance in force. Gallagher later dismissed Bintliff from the lawsuit. Upon trial to a jury, Gallagher

obtained judgment, as affirmed in an unpublished opinion by this Court, in the sum of $413,781.48.

In her collection proceeding here under review, Gallagher asserted that her judgment against Sea Gun was valid, subsisting, and unsatisfied. Gallagher pleaded that appellees were liable on the judgment against Sea Gun on an alter-ego theory.

Appellees moved for summary judgment asserting as grounds therefor estoppel, res judicata, and limitations.[1] Although more than one ground for affirmance may exist, this Court has chosen to affirm the summary judgment upon the basis that Gallagher's claim against appellees is barred by limitations.

In support of their premise that Gallagher's claim against them was barred by limitations, appellees' summary judgment proof showed that Gallagher's injuries occurred in February, 1982; that she filed her suit against Sea Gun in October, 1982; that the district court rendered judgment in that suit in November, 1983; and that Gallagher sued the appellees in the instant suit on June 19, 1986.

Gallagher's sole response to appellees' claim of limitations was that the "statute of limitations to collect a judgment is not less than four (4) years, pursuant to § 16.001 and § 16.051 of the Texas Civil Practices and Remedies Code. This cause of action accrued on the date of entry of the judgment on November 14, 1983."

Appellees' summary judgment proof established that there was no genuine issue of fact as to all of the elements of their limitations defense. The question of law, then, for resolution by the district court (and now by this Court) was a determination as to when Gallagher's cause of action against appellees accrued.

Gallagher asserts that her suit against appellees was a collection suit and that her right to file suit arose only after she obtained a judgment against Sea Gun on November 14, 1983. Appellees, on the other hand, insist that Gallagher's right to seek to impose liability upon appellees for Sea Gun's negligence and breach of contract came into being in February 1982, when the liability of Sea Gun in tort or contract accrued.

■ A determination as to which statute of limitations is applicable depends upon the basic substance of the pleadings rather than the mere form of the cause of action. *Galveston H & S.A. Ry. Co. v. Roemer*, 1 Tex.Civ.App. 191, 20 S.W. 843 (1892, no writ.) (plaintiff labeled suit as a breach of contract action but court looked to pleadings and determined that suit was actually a tort action); *International Printing Pressmen and Ass'ts Un. v. Smith*, 145 Tex. 399, 198 S.W.2d 729, 735 (1947).

It is true that in this appeal Gallagher's cause of action, as a matter of form, was brought pursuant to a collections statute. Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (1986). An examination of the pleadings, however, demonstrates that the basic purpose of the suit was to impose liability on appellees for the injury sustained by Gallagher by showing that appellees were alter egos of the judgment debtor, Sea Gun. In fact, in her response to the appellees' motion for summary judgment, Gallagher pleaded that "the only issue in this case will be whether or not this Court should pierce the corporate veil and hold McClure Bentliff [sic] liable as the alter ego of Sea Gun Sports Inn, Inc. and should hold Sea Gun Sports Inn, Inc. to be the alter ego of the defendants The Hamlet Corporation, Bay Brazos Corporation, Lamar Water Supply Corporation and Mesa Construction, Inc."

■ An attempt to pierce the corporate veil, in and of itself, is not a cause of action but rather is a means of imposing liability on an underlying cause of action such as a tort or breach of contract. *Gulf Reduction Corp. v. Boyles Galvanizing*

---

1. It is clear that § 31.002 does not authorize a proceeding to *establish* liability, but instead provides a means to obtain satisfaction on a judgment from an *existing* judgment debtor. Although appellees advanced this thesis at oral submission and in their brief, they did not assert it as a ground in their motion for summary judgment. Tex.R.Civ.P.Ann 166–A ("The motion for summary judgment shall state the specific grounds therefor").

*and Pl. Co.*, 456 S.W.2d 476 (Tex.Civ.App. 1970, no writ.) In this appeal, the cause of action is either the underlying tort related to Sea Gun's failure to keep a safe workplace or Sea Gun's breach of contract to continue workers' compensation insurance in force. Accordingly, the pertinent statute of limitation is either the two-year statute for tort actions or the four-year statute applicable to breach of contract actions. In either case, the cause of action accrued when Gallagher sustained the injury and the time for filing the instant suit expired well before June 19, 1986, the date Gallagher sued appellees.

*Atkins v. Crosland*, 417 S.W.2d 150 (Tex. 1967); *Gulf Reduction Corp. v. Boyles Galvanizing and Pl. Co., supra.*[2]

The judgment is affirmed.

GAMMAGE, J., not participating.

**2.** Gallagher did not resist appellees' motion for summary judgment upon the basis that her filing suit against Sea Gun tolled limitations with respect to appellees. Because Gallagher did not oppose summary judgment upon that basis in district court, the issue is not before this Court. Tex.R.Civ.P.Ann. 166–A (1987). This Court notes that, in any event, Gallagher's filing of the first suit did not toll limitations regarding her claim against appellees in the second suit. *Gulf Reduction Corp. v. Boyles Galvanizing and Pl. Co., supra; see Gentry v. Credit Plan Corporation of Houston*, 528 S.W.2d 571 (Tex.1975).