jewell 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-202-CV





JEAN JEWELL,



 
 APPELLANT


vs.





HENRY G. BAUER, III, AND JEAN A. RITTER BAUER, 

INDIVIDUALLY AND D/B/A BAUER MOVING SYSTEMS



 APPELLEES



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT



NO. C92-135-C, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 




 On February 24, 1992, Jean Jewell, appellant, sued Henry G. Bauer, III and Jean
A. Ritter Bauer, appellees, both individually and d/b/a Bauer Moving Systems. Jewell alleged
that on November 3, 1989, she was the victim of an automobile accident in which her car was
rear-ended by a moving truck owned by the Bauers and driven by their employee. Jewell further
alleged that she had obtained a default judgment against the driver in a previous lawsuit and
argued that, since they were the driver's employers, the Bauers were liable as judgment debtors
for Jewell's injuries. The Bauers moved for summary judgment based on the two-year statute of
limitations governing suits for personal injuries and on the doctrines of collateral estoppel and res
judicata. In response, Jewell argued, inter alia, that her suit was governed by the ten-year statute
of limitations pertaining to suits to enforce judgments. After the parties exchanged briefs in
support and response, the Bauers filed a final reply brief two days before a hearing on the motion. 
On the day that the motion for summary judgment was heard, Jewell filed objections to the
Bauers' summary-judgment motion on the ground that it did not comply with Tex. R. Civ. P.
166a(c) because it did not expressly state the "grounds" for summary judgment that the Bauers
had subsequently raised in their reply brief. The trial court granted summary judgment based on
the two-year statute of limitations. Jewell urges on appeal that (1) the Bauers did not expressly
state the grounds of their summary-judgment motion in the motion itself as required by Rule
166a(c); and (2) her suit is one to enforce a judgment against the Bauers as judgment debtors and
the ten-year statute of limitations governing execution of judgments applies to her suit. We will
affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 On November 3, 1989, in New Braunfels, Texas, Jewell's automobile was struck
from behind by a moving truck driven by Jimmie Sauseda. Jewell filed suit in the district court
of Comal County against Sauseda and "H.G. Bauer Moving & Storage, Inc.," a Louisiana
Corporation, for personal injuries arising from the accident. Jewell alleged in that suit that
Sauseda was negligent, that Sauseda was an employee of H.G. Bauer Moving & Storage, Inc.,
and that H.G. Bauer Moving & Storage, Inc. was liable to her under the doctrine of respondeat
superior. On August 14, 1991, Jewell obtained a default judgment against both of the defendants
in this first suit.

 On February 24, 1992, Jewell filed the present lawsuit against the Bauers. (1) 
Jewell's first amended original petition alleged that the Bauers employed Sauseda at the time of
the accident and that Jewell had a right to recover against the Bauers under the doctrine of
respondeat superior because she had obtained a default judgment against Sauseda in the first suit.

 On September 14, 1992, the Bauers filed a motion for summary judgment. The
Bauers did not dispute that Sauseda was their employee when the truck rear-ended Jewell's car. 
Rather, they asserted that the two-year statute of limitations governing suits for personal injuries
barred Jewell's claim, see Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986), and that
the doctrines of collateral estoppel and res judicata preclude Jewell from relitigating any of the
issues that were determined in the first suit in which she obtained a default judgment. Jewell filed
a response to the motion in which she argued that her suit was one to enforce a judgment and that
the limitations period governing her suit was ten years. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.006 (West 1986). The Bauers filed a brief in support of their motion on November 9, and
filed a supplemental brief in reply to Jewell's response on December 8, two days before the
summary judgment hearing. On December 10, the day of the hearing, Jewell filed objections to
the Bauers' motion for summary judgment, arguing that the Bauers raised issues in their reply
brief that had not been set forth in the original motion for summary judgment. These arguments
are discussed in more detail below. The trial court granted the motion for summary judgment on
December 28, 1992, without ruling on Jewell's objections. On January 25, 1993, the court issued
a modified order granting summary judgment that was limited to the statute-of-limitations basis. 
The court amended its order on February 26, 1993. 

 In a single point of error, Jewell asserts two grounds for reversal. First, Jewell
argues that the Bauers' motion for summary judgment did not fully and properly set forth the
statute-of-limitations ground as required by Rule 166a(c). Second, Jewell asserts that her claim
is a suit to enforce a judgment and is therefore governed by the ten-year statute of limitations
rather than the two-year statute of limitations governing suits for personal injuries. 


THE STANDARD OF SPECIFICITY FOR STATING GROUNDS IN


SUMMARY-JUDGMENT MOTIONS



 Jewell first argues that the trial court improperly granted summary judgment
because the Bauers did not properly state the grounds for summary judgment in the motion itself. 
She asserts that the supreme court's recent decision in McConnell v. Southside Independent School
District, 858 S.W.2d 337 (Tex. 1993), requires that we reverse the trial court's judgment. In
order to explain why we disagree, it is necessary to review in some detail the substance of the
motion and briefs in the trial court.

 On September 14, 1992, the Bauers filed a motion for summary judgment with the
trial court. The Bauers' statute-of-limitation ground in their motion for summary judgment stated:


Statute of Limitations



Defendants, Henry G. Bauer, III and Jean A. Ritter Bauer, Individually and d/b/a
Bauer Moving Systems, are entitled to judgment as a matter of law with regard to
all of the Plaintiff's claims because such claims are barred by the statute of
limitations pursuant to § 16.003 of the Texas Civil Practice and Remedies Code. 
Plaintiff, Jean Jewell, filed her Original Petition on or about June 29, 1992
(Exhibit "A"). In said Original Petition, Plaintiff named as Defendants the
following:


(1) Henry G. Bauer, III, Individually;

(2) Jean A. Ritter Bauer, Individually; and

(3) both of the above d/b/a Bauer Moving Systems.


Plaintiff alleges that the above-named Defendants are liable for damages to the
Plaintiff as a result of a collision occurring on or about November 3, 1989. The
statute of limitations on such cause of action expired on November 3, 1991, nearly
eight months before Plaintiff filed this suit. Plaintiff's failure to commence suit
within two years of the date of the allegedly negligent conduct of the Defendants,
Henry G. Bauer, III and Jean A. Ritter Bauer, Individually and d/b/a Bauer
Moving Systems, results in this claim being barred pursuant to § 16.003 of the
Texas Civil Practice and Remedies Code, and Defendants are entitled to judgment
as a matter of law.[ (2)]



The Bauers also asserted in their motion that Jewell was barred by the doctrines of res judicata
and collateral estoppel from relitigating the issues of who owned the truck and who employed
Sauseda. The Bauers based this ground on the fact that Jewell alleged in the first suit that H.G.
Bauer Moving & Storage, Inc. was the owner of the truck and the employer of Sauseda and on
the fact that Jewell obtained a default judgment in that suit. In support of their motion, the Bauers
filed a brief in which they argued that the two-year statute of limitations in section 16.003
governed personal injury claims and further asserted that if Jewell had sued the wrong defendant
in the first suit, her subsequent claim against the correct defendant was barred. The Bauers also
presented arguments in the brief to support their collateral estoppel and res judicata grounds.

 In her response to the Bauers' motion for summary judgment, Jewell directly
contested the statute-of-limitations ground, arguing as follows:


 Defendants contend that the case before the court is controlled by the two
(2) years [sic] statute of limitations of Art. 16.003 of the Texas Civil Practice and
Remedies Code. In the case before this court, Plaintiff, Jean Jewell seeks to
enforce the judgment obtained against Defendant's employee, Jimmie Sauseda[,]
who was acting in the course and scope of his employment.

 Under Article 31.006 of the Texas Civil Practice and Remedies Code, the
statute of limitations for enforcement of judgments is ten (10) years. Since the
underlying judgment was obtained on August 14, 1991, Plaintiff has until August
14, 2001 to bring her suit to enforce the Judgment. Her claim is therefore timely.



Jewell also asserted that the Bauers' claims of collateral estoppel and res judicata were not
applicable because H.G. Bauer Moving & Storage, Inc. was appealing the default judgment by
writ of error, thus removing the risks of duplicative recovery; because Jewell was a judgment
creditor of Sauseda, who was "entitled to indemnity from" Bauer Moving Systems; and because
Jewell was not trying to maintain an action against "the same Defendant on the same cause of
action."

 On December 8, 1992, the Bauers filed a reply brief in which they responded to
the issues Jewell raised in her response. First, the Bauers argued that Tex. Civ. Prac. & Rem.
Code Ann. § 31.006 applies only when a plaintiff had previously obtained a judgment naming the
party against whom it sought to enforce the judgment in the second suit. The Bauers argued that
since they were not named as parties to the first suit, Jewell could not purport to enforce that
judgment against them. Second, the Bauers argued that Jewell's assertion that they were liable
for their employee's negligence under the doctrine of respondeat superior did not allow Jewell
to enforce a judgment against the Bauers without a second trial. Finally, the Bauers argued that
Jewell could not assert a right of indemnity on behalf of Sauseda because indemnity flows from
the employee to the employer, not vice versa, and because Sauseda had not assigned such a right
to Jewell.

 On the day of the summary-judgment hearing, Jewell filed an objection to the
summary-judgment motion, contending that the Bauers had raised three new "grounds" in their
reply brief filed two days earlier. These allegedly new grounds were: (1) that no prior judgment
had been obtained against the Bauers in this case; (2) that Jewell lacked standing to assert an
indemnity claim; and (3) that no claim or evidence of liability against the Bauers under the
doctrine of respondeat superior was presented within two years of the date of the accident. Jewell
asserted that she did not have fair notice of these grounds as required by Rule 166a(c) and
requested that the motion for summary judgment be continued or dismissed. The trial court
granted the motion for summary judgment on statute-of-limitation grounds.

 Jewell asserts that the trial court improperly allowed the Bauers to present the
statute-of-limitations argument in their briefs in support of the motion rather than requiring that
the Bauers present that argument in their motion for summary judgment. Jewell further argues
that the Bauers failed to adequately state the grounds of the motion for summary judgment because
they failed to file a verified pleading challenging Jewell's ability to recover as an indemnitee of
Sauseda. (3) Finally, Jewell argues generally that "[t]he Motion for Summary Judgment failed to
provide adequate notice of the grounds for the motion."

 Jewell's argument gives us the opportunity to explain the level of specificity
required in a summary-judgment motion by Rule 166a(c) as interpreted by the supreme court in
McConnell, 858 S.W.2d 337. Rule 166a(c) provides that a "motion for summary judgment shall
state the specific grounds therefor." Tex. R. Civ. P. 166a(c). In McConnell, the trial court
granted summary judgment for the defendant. The motion asserted that "there are no genuine
issues as to any material facts" without stating any specific grounds for summary judgment. Id.
at 338-39 n.1. Specific grounds were, however, set forth in a brief filed contemporaneously with
the motion. Id. at 339. The plaintiff argued on appeal that the defendant had not properly
complied with Rule 166a(c) in presenting its motion for summary judgment. The court held that,
even if accompanied by a more specific brief, such a general motion was not adequate under Rule
166a(c): "[A] motion for summary judgment must itself expressly present the grounds upon which
it is made. A motion must stand or fall on the grounds expressly presented in the motion. In
determining whether grounds are expressly presented, reliance may not be placed on briefs or
summary judgment evidence." McConnell, 858 S.W.2d at 341. (4) The court quoted with approval
a court of appeals' opinion: "Grounds may be stated concisely, without detail and argument." Id.
at 340 (quoting Roberts v. Southwest Tex. Methodist Hosp., 811 S.W.2d 141, 146 (Tex.
App.San Antonio 1991, writ denied)); see also Watkins v. Hammerman & Gainer, 814 S.W.2d
867, 869 (Tex. App.Austin 1991, no writ) (briefly describing movant's grounds for summary
judgment); 4 William V. Dorsaneo III, Texas Litigation Guide § 101.101[2] (1992) (cited with
approval in McConnell, 858 S.W.2d at 343 n.8, as setting forth example of specific grounds). 
Most important in the context of this case is that, in a footnote, the court clarified what it meant
when it used the term "grounds." The court stated, "Consistent with Rule 166a, we use the term
`grounds' to refer to the reasons entitling the movant to summary judgment. Likewise, we use
the term `issues' to refer to the reasons the non-movant contends defeat the movant's entitlement
to summary judgment." Id. at 339 n.2 (emphasis added). 

 Jewell's objections are based on a misunderstanding of the difference between the
grounds of a motion and the issues that may arise as parties argue in support of or opposition to
those grounds. The Bauers clearly stated the two-year statute of limitations as one ground for
summary judgment in their motion. They stated the relevant dates, the relevant statute, and the
reason the statute required that the claim be barred. Jewell, in turn, raised the issue of respondeat
superior and argued that the Bauers were relying on the wrong statute in calculating the statute
of limitations. She also raised several issues, such as indemnity, in response to the collateral
estoppel and res judicata grounds. When the Bauers responded to the issues that Jewell herself
had raised in response to the motion, she recast these issues as "grounds" and argued that they
were not stated in the Bauers' original motion. Such an argument is not persuasive. 

 Rule 166a(c) does not require movants to anticipate every possible issue a non-movant could possibly raise. Rule 166a(c) requires only that the movant expressly set forth the
grounds for its motion for summary judgment in such a way as to give the non-movant proper
notice of the movant's argument. In this case, the Bauers more than met that standard. Their
motion set forth the ground of limitations, cited the relevant statute, and briefly and succinctly set
forth the relevant dates and argument. The clarity with which the Bauers stated their basis for
summary judgment is demonstrated by Jewell's response to the motion for summary judgment. 
In that response, which was filed three days before the Bauers actually filed their initial brief in
support and was thus based solely on Jewell's understanding of the motion itself, Jewell stated that
"Defendants contend that the case before the court is controlled by the two (2) years [sic] statute
of limitations of Art. 16.003 of the Texas Civil Practice and Remedies Code." This response
clearly demonstrates that Jewell understood the nature of the Bauers' ground and thus further
demonstrates that the Bauers adequately set forth that ground.

 Concise motions such as the one the Bauers filed are not the evil that the supreme
court sought to prevent when it decided McConnell. The court sought only to prevent motions,
such as the one before it, that were so vague they did not give the non-movant fair notice of the
substance of the movant's argument. For example, in Boney v. Harris, 557 S.W.2d 376 (Tex.
Civ. App.Houston [1st Dist.] 1977, no writ), a case cited favorably in McConnell, the movant
sought summary judgment on the ground that the defendant's answer "was insufficient in law to
constitute a defense to Plaintiff's cause of action; that as shown by the pleadings, together with
depositions, admissions and affidavits, if any, on file herein, there is no genuine issue as to any
material fact between the parties herein." Id. at 379. The court correctly held that the motion
did not expressly set forth grounds for summary judgment. Id. This Court rejected a similarly
vague motion for summary judgment in Moody v. Temple National Bank, 545 S.W.2d 289, 290
(Tex. Civ. App.Austin 1977, no writ). The Bauers' motion, however, is not vague, and it gave
Jewell fair notice of the grounds being asserted. We therefore disagree with Jewell's argument
that the motion did not comply with Rule 166a(c).


APPLICABILITY OF THE TEN-YEAR STATUTE OF LIMITATIONS


 Jewell asserts that the trial court erred in its conclusion that her claim was barred
by the two-year statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003. A
movant for summary judgment must establish that there are no genuine issues of material fact and
that he is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548 (Tex. 1985). In this case, the relevant facts are not in dispute. Jewell does not
dispute the date of the accident or the date she filed this suit, nor does she dispute that the Bauers
were not parties to the first suit. Instead, she argues that the nature of her cause of action is a suit
to enforce a judgment under chapter 31 of the Civil Practice and Remedies Code rather than a suit
to recover for personal injury. Thus, Jewell's argument hinges on the proper characterization of
her suit: if it is a suit for personal injury, the two-year statute applies, but if it is a suit to enforce
a judgment, the ten-year statute applies.

 Properly characterizing a cause of action requires a court to look to the substance
of the claim rather than at the name given to the cause of action in the pleadings. Gallagher v.
Bintliff, 740 S.W.2d 118, 119 (Tex. App.Austin 1987, writ denied). Jewell asserts that her
cause of action is one to enforce a judgment under Tex. Civ. Prac. & Rem. Code Ann. § 31.002. 
As a general proposition, Texas law holds that a person's rights cannot be adjudicated in a lawsuit
to which the person is not a party. See Trawick v. Harris, 8 Tex. 312, 314 (1852). A party
normally cannot be bound by a judgment in a proceeding "to which he has not become a party in
some of the modes known to the law." McCoy's Heirs v. Crawford, 9 Tex. 353, 356 (1853).

 This rule remains true even if a second suit against a new defendant involves the
same underlying facts and issues as the first suit. Thus, a plaintiff who has a judgment against
one defendant cannot enforce that judgment against a person not made a party to the first suit
without pursuing a second lawsuit. See Kegans v. White, 131 S.W.2d 990, 994-95 (Tex. Civ.
App.Eastland 1939, writ ref'd) (holding that plaintiff could not enforce judgment against
judgment debtor's wife not made party to first suit; rather, the plaintiff would have to file a
second suit against the wife). It is clear to us that Jewell's second suit is not a suit to enforce a
judgment. Neither the Bauers individually nor the Bauers d/b/a Bauer Moving Systems were
defendants in the first suit. Thus, they are not judgment debtors subject to the collection
procedures and longer statute of limitations of chapter 31. (5)

 We do not agree with Jewell's argument that her judgment against Sauseda, when 
combined with the Bauers' legal responsibility under the doctrine of respondeat superior,
transforms the Bauers into judgment debtors. This argument is remarkably similar to the claims
this Court considered and rejected in Gallagher. In that case, the plaintiff sued a corporation that
had not been a party to a prior lawsuit in which the plaintiff had obtained a judgment against a
separate corporation. The plaintiff characterized its suit as a suit to enforce a judgment and
argued that the defendant corporation was the alter ego of the judgment debtor. This Court
examined the cause of action and determined that, although the pleadings asserted a cause of
action under section 31.002 as a matter of form, the underlying purpose of the suit was to impose
liability on the corporation for injuries the plaintiff had sustained. Gallagher, 740 S.W.2d at 119. 
We held in Gallagher that "[a]n attempt to pierce the corporate veil, in and of itself, is not a cause
of action but rather is a means of imposing liability on an underlying cause of action such as a tort
or breach of contract." Id. at 119 (citing Gulf Reduction Corp. v. Boyles Galvanizing & Plating
Co., 456 S.W.2d 476 (Tex. Civ. App.Fort Worth 1970, no writ)). The identical situation exists
here. Jewell is attempting to impose liability on the Bauers for her personal injury and is asserting
that the doctrine of respondeat superior allows her to "enforce a judgment." That is not the law:
like the doctrine that allows a plaintiff to pierce the corporate veil, the doctrine of respondeat
superior merely supplies a means of imposing liability for Jewell's underlying personal injury
action. That underlying action is subject to the statute of limitations governing personal injuries.

 Based on the above analysis, we conclude that (1) the Bauers' motion for summary
judgment adequately stated the ground for the motion in compliance with Tex. R. Civ. P. 166a(c);
and (2) the applicable statute of limitations in this case is the two-year statute of limitations found
in Tex. Civ. Prac. & Rem. Code § 16.003. 

 Finally, the Bauers ask that we impose sanctions against Jewell for taking a
frivolous appeal. Tex. R. App. P. 84. Although the request is not wholly without merit, we
decline to award delay damages.


CONCLUSION


 We overrule Jewell's point of error and affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 16, 1994

Do Not Publish
1. Despite the similarity in names, there is nothing in the record that indicates the
Bauers had any connection with H.G. Bauer Moving & Storage, Inc., and Jewell does not
assert that there was any connection between them.
2. The Bauers stated in their motion that the original petition was filed on June 29,
1992, more than eight months after the two-year statute of limitations had run. The
record before this court shows, however, that the original petition was actually filed on
February 24, 1992, and that Jewell filed her first amended original petition in June. This
discrepancy is immaterial since the original petition was still filed over three months past the
two-year deadline.
3. Jewell raised the indemnity issue in opposition to the Bauers' collateral estoppel and
res judicata grounds for summary judgment. Since the trial court's judgment was based
solely on the ground of limitations, we will not discuss the merits of the argument. The
indemnity issue does, however, illustrate the difference between a "ground" for summary
judgment and an "issue" that arises while arguing the underlying ground, as we discuss
below.
4. Until McConnell, no court had disputed the requirement that the movant set forth
express grounds entitling the movant to summary judgment. At issue in McConnell was
whether the grounds had to be set forth in the motion itself or could be set forth in a brief filed
and served on the opposing parties contemporaneously with the motion. See McConnell, 858
S.W.2d at 339.
5. In addition to the fact that section 16.003 clearly applies because the underlying
cause of action is one for personal injury, it seems obvious to us that chapter 31 was not
intended to apply to actions such as this. For example, section 31.002, the "turnover
statute," specifically contemplates actions by judgment creditors against judgment
debtors. Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 1986 & Supp. 1994). 
Section 31.003 specifically provides that a court, when executing judgments against a
partnership and its partners, "may not award a personal judgment or execution against
any partner who was not served." Tex. Civ. Prac. & Rem. Code Ann. §  31.003 (West 1986)
(emphasis added). Both of these sections indicate that the ten-year statute of limitations in
section 31.006 was intended only to apply to a narrow set of actions against judgment debtors. 
Finally, the history of section 31.006 indicates that it was only intended to allow parties to
revive and execute judgments already in existence: "Article 5532 [the predecessor of section
31.006] is an additional remedy by means of which [a judgment creditor] may, at any time
within ten years, revive a judgment from its dormancy . . . ." Commerce Trust Co. v. Ramp,
138 S.W.2d 531, 536 (Tex. 1940). As this Court stated in Gallagher: "It is clear that
§ 31.002 does not authorize a proceeding to establish liability, but instead provides a means to
obtain satisfaction on a judgment from an existing judgment debtor." Gallagher, 740 S.W.2d
at 119 n.1.